Dena C. Sharp (State Bar No. 245869)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Scott M. Grzenczyk (State Bar No. 279309)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
scottg@girardsharp.com
*Attorneys for Advertiser Plaintiffs*

Eric L. Cramer*
Caitlin G. Coslett*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
ecramer@bm.net
ccoslett@bm.net
*Attorneys for Publisher Plaintiffs*

[Additional Counsel Listed on Signature Page]

Justina K. Sessions (State Bar No. 270914)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com
*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 5:20-cv-03556-BLF |
| IN RE GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION | Case No. 5:20-cv-08984-BLF<br><br>**[PROPOSED] STIPULATED EXPERT PROTOCOL** |

Pursuant to Fed. R. Civ. P. 29, the parties, through their respective counsel of record, stipulate to the following order (the "Order") regarding the scope of expert discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court:

## I. GENERAL PROVISIONS

This Order applies to all parties to the Actions. This Order provides the protocols applicable to conducting discovery relating to expert witnesses. Nothing in this Order shall preclude any party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

## II. GOVERNING LAW

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in these Actions. Unless modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.

## III. DISCOVERY RELATING TO EXPERTS

### A. Expert-Related Materials To Be Disclosed

1. Within three (3) business days of the service of any expert report or expert declaration pursuant to Federal Rule of Civil Procedure Rule 26(a)(2)(B) or otherwise, the party or parties proffering the expert shall produce:

    a. a copy of the data or other information referred to therein or relied upon by the expert as a basis for the expert's opinions (to the extent not already produced in discovery), including, but not limited to, underlying data, spreadsheets (including formulas therein), computerized regression analysis and/or other underlying reports, programs, computer codes and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for their opinions;[1] and

    b. exhibits, information, or data processed or modeled by a computer at the direction of an expert, to the extent relied upon as a basis for the expert's opinions.

2. The information required by paragraph III.A.1 above shall be produced electronically (via email or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of their opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. To the extent the disclosures in an expert report include, rely upon, or describe exhibits, information, or data processed or modeled by a computer at the direction of an expert in the course of and to the extent of such expert's reliance on such material for the expert's opinions, the party offering the expert's opinions must produce native copies of the data along with the appropriate instructions.

3. No party need produce programs, software, or instructions that are commercially available at a reasonable cost, as long as the party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results.

---

[1] Notwithstanding the obligation to disclose documents, data, or other information "relied" on by the expert witness, documents, data, or other information that is merely "considered by" the expert witness does not need to be disclosed.

4. Documents that are publicly available need not be produced absent specific request, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the document.

5. Documents that have previously been produced during discovery in these Actions need not be produced if they are identified by Bates number.

6. Paragraphs III.A.1-2 above are not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any deposition, hearing, or trial.  The admissibility of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

B. **Expert Materials Not Requiring Disclosure**

1. Notwithstanding the foregoing and the Federal Rules of Civil Procedure, the following materials shall not be subject to discovery or disclosure by any method (including by deposition):

    a. the content of communications among and between: (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; (vi) any expert or non-testifying expert consultant and the staff or supporting firm of any other expert or non-testifying expert; or (vii) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

b. notes, drafts, written communications, or other records of preliminary work created by, or for, experts or non-testifying expert consultants;

c. drafts of: expert reports, affidavits, declarations, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony; draft expert work papers prepared in connection with the litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the litigation; or other preliminary expert opinions or any communication between an expert and their staff, assistants, or agents and any other expert retained by the party, including their staff, assistants, or agents; draft materials prepared by, for, or at the direction of an expert witness; and

d. any comments, whether oral or written, related to a report, affidavit or declaration or draft report, affidavit, or declaration of an expert witness prepared in connection with the litigation by (i) counsel for a party retaining the expert witness, (ii) an expert consultant, (iii) any person working at the direction of an expert witness, (iv) any other expert witness, (v) any other expert consultant, or (vi) any person working at the direction of another expert witness or expert consultant—except to the extent such comments were relied upon by the expert as a basis for the expert's opinions;

e. budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations; and

2. The parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Order.

3. The foregoing exclusions from expert discovery will not apply to any information, communications, or documents upon which the expert relies as a basis for their opinion. All

1    information, communications, or documents upon which the expert relies as a basis for their

2    opinion are discoverable.

3    4. Nothing herein relieves an expert or party of the duty to identify the facts, data, and

4    assumptions that the expert relied upon as a basis for their opinions.

**IT IS SO STIPULATED, through Counsel of Record.**

Dated: June 24, 2021          By:     */s/ Caitlin G. Coslett*
                                      Eric L. Cramer*
                                      ecramer@bm.net
                                      Michael C. Dell'Angelo*
                                      mdellangelo@bm.net
                                      Caitlin G. Coslett*
                                      ccoslett@bm.net
                                      Patrick F. Madden*
                                      pmadden@bm.net
                                      BERGER MONTAGUE PC
                                      1818 Market St., Suite 3600
                                      Philadelphia, PA 19103
                                      Tel.: (215) 875-3000 / Fax: (215) 875-4604

                                      Sophia M. Rios (305801)
                                      srios@bm.net
                                      BERGER MONTAGUE PC
                                      12544 High Bluff Drive, Suite 340
                                      San Diego, CA 92130
                                      Tel.: (619) 489-0300 / Fax: (215) 875-4604

                                      Daniel J. Walker*
                                      dwalker@bm.net
                                      BERGER MONTAGUE PC
                                      2001 Pennsylvania Ave., NW, Suite 300
                                      Washington DC 20006
                                      Tel.: (202) 559-9745

BOIES SCHILLER FLEXNER LLP
Philip C. Korologos*
pkorologos@bsfllp.com
Brianna S. Hills*
bhills@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300 / Fax: (212) 446-2350

David Boies*
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200 / Fax: (914) 749-8300
Abby L. Dennis*
adennis@bsfllp.com
Jesse Panuccio*
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 895-7580 / Fax: (202) 237-6131

Mark C. Mao (236165)
mmao@bsfllp.com
Sean P. Rodriguez (262437)
srodriguez@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6820 / Fax: (415) 293-6899

Sabria A. McElroy*
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel.: (954) 377 4216 / Fax: (954) 356-0022

|   |   |   |
|---|---|---|
|   |   | Stephen M. Tillery* |
|   |   | stillery@koreintillery.com |
|   |   | Michael E. Klenov (277028) |
|   |   | mklenov@koreintillery.com |
|   |   | Carol L. O'Keefe* |
|   |   | cokeefe@koreintillery.com |
|   |   | Jamie Boyer* |
|   |   | jboyer@koreintillery.com |
|   |   | KOREIN TILLERY LLC |
|   |   | 505 North 7th Street, Suite 3600 |
|   |   | St. Louis, MO 63101 |
|   |   | Tel.: (314) 241-4844 / Fax: (314) 241-3525 |
|   |   |   |
|   |   | George A. Zelcs* |
|   |   | gzelcs@koreintillery.com |
|   |   | Robert E. Litan* |
|   |   | rlitan@koreintillery.com |
|   |   | Randall P. Ewing* |
|   |   | rewing@koreintillery.com |
|   |   | Jonathon D. Byrer* |
|   |   | jbyrer@koreintillery.com |
|   |   | Ryan A. Cortazar* |
|   |   | rcortazar@koreintillery.com |
|   |   | Marc A. Wallenstein |
|   |   | mwallenstein@koreintillery.com |
|   |   | KOREIN TILLERY LLC |
|   |   | 205 North Michigan Avenue, Suite 1950 |
|   |   | Chicago, IL 60601 |
|   |   | Tel.: (312) 641-9750 / Fax: (312) 641-9751 |
|   |   |   |
|   |   | *Interim Co-Lead Counsel for the Publisher Plaintiffs* |
| Dated: June 24, 2021 | By: | /s/ *Dena C. Sharp* |
|   |   | Dena C. Sharp (State Bar No. 245869) |
|   |   | Jordan Elias (State Bar No. 228731) |
|   |   | Scott M. Grzenczyk (State Bar No. 279309) |
|   |   | GIRARD SHARP LLP |
|   |   | 601 California Street, Suite 1400 |
|   |   | San Francisco, CA 94108 |
|   |   | Tel: (415) 981-4800 |
|   |   | Fax: (415) 981-4846 |
|   |   | dsharp@girardsharp.com |
|   |   | jelias@girardsharp.com |
|   |   | scottg@girardsharp.com |

Tina Wolfson (State Bar No. 174806)
Rachel Johnson (State Bar No. 331351)
Theodore W. Maya (State Bar No. 223242)
AHDOOT & WOLFSON, PC
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
rjohnson@ahdootwolfson.com
tmaya@ahdootwolfson.com

*Interim Co-Lead Counsel for the Advertiser Plaintiffs*

Archana Tamoshunas (*pro hac vice*)
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
Fax: (212) 931-0703
atamoshunas@tcllaw.com

April Lambert (*pro hac vice*)
RADICE LAW FIRM, PC
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com

*Executive Committee for the Advertiser Plaintiffs*

Dated:  June 24, 2021          By:    */s/ Justina K. Sessions*
                                      Justina K. Sessions (State Bar No. 270914)
                                      WILSON SONSINI GOODRICH & ROSATI
                                      Professional Corporation
                                      One Market Plaza
                                      Spear Tower, Suite 3300
                                      San Francisco, California 94105
                                      Telephone: (415) 947-2197
                                      Facsimile: (415) 947-2099
                                      Email: jsessions@wsgr.com

8

[PROPOSED] STIPULATED EXPERT PROTOCOL
CASE NOS. 5:20-CV-03556-BLF and 5:20-cv-08984-BLF

Jonathan M. Jacobson
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
Telephone: (212) 497-7758
Facsimile:  (212) 999-5899
Email: jjacobson@wsgr.com

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube, LLC*

## ATTESTATION

I, Caitlin G. Coslett, am the ECF User whose ID and password are being used to file the foregoing document in Case No. 5:20-cv-08984-BLF. In compliance with Civil Local Rule 5-1(i)(3), I attest that concurrence in this filing has been obtained from all signatories above.

By: ___/s/ *Caitlin G. Coslett*___

## ATTESTATION

I, Dena C. Sharp, am the ECF User whose ID and password are being used to file the foregoing document in Case No. 5:20-cv-03556-BLF. In compliance with Civil Local Rule 5-1(i)(3), I attest that concurrence in this filing has been obtained from all signatories above.

By: ___/s/ *Dena C. Sharp*___

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: _____    _____
                                  Hon. Beth L. Freeman
                                  United States District Judge